**STATE, ex rel. FAEHR, Relator, v. SCHOLER, as Chief of Police, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 5749.   Decided March 25, 1958.

Alex Faehr, Columbus, for himself.
Russell Leach, City. Atty., Bernard T. Chupka, City Pros., Columbus, for respondent.

## OPINION

By PETREE, PJ.

This is an original action in mandamus filed by the relator, acting as his own counsel, in which he seeks to require that the respondent, the Chief of Police of Columbus, Ohio, be ordered to show cause for his delaying the filing of an affidavit against relator and having a warrant issued thereon, or that a detainer filed by said Chief of Police on May 23, 1956, with the Warden of the Ohio Penitentiary be withdrawn.

We find no allegation in relator's petition which would give him any right to mandamus under the Fourteenth Amendment to the United States Constitution.

The reference which relator makes to the speedy public trial on charges guaranteed under **Article I, Section 10, Ohio Constitution,** does not apply to this type of case but only to one in which a charge has been filed. After a charge has been filed, certain statutory procedure is required, and this Ohio constitutional provision may be invoked in such a case. There seems to be no provision in the Ohio law with reference to the detainer which relator refers to in his petition, unless **§2965.09 R. C.,** the last sentence, would contemplate such detainer. This provision is as follows:

"All state and local officials shall furnish information to the commission, when so requested by the commission in the performance of its duties."

In the first paragraph of **§2965.09 R. C.,** beginning at the second sentence, we find the following provision:

"When a prisoner becomes eligible for parole, the head of the institution in which such prisoner is confined shall notify the commission in the manner prescribed by the commission."

While it is possible, in certain cases, for a prisoner in the Ohio Penitentiary to be tried by reason of **§2941.40 R. C.,** there appears to be no statute which makes provision for such trial until a charge or indictment has been made or returned against a person.

While it is not apparent from the petition, it would seem that the relator is concerned about the detainer and what effect it may have if and when he becomes eligible for parole. When that time arrives, it will be the duty of the Warden to certify him to the Parole Commission; and it will be the duty of the Commission to exercise its sound discretion with reference to the rights of the relator to be paroled. We may assume that such Parole Commission will make its investigation and exercise sound discretion in the matter; that if it determines that a detainer has been lodged for an unreasonable time against a prisoner without a charge being filed, it may inquire into the reasons and subpoena witnesses to learn what reasons such official had for filing a detainer, and if no grounds are shown by such official and no charge lodged against the prisoner, the Commission may disregard the matter and proceed to pass upon said parole as if no detainer were filed.

We may assume, in the first place, in the absence of any showing to the contrary, that the Chief of Police had good cause for lodging the detainer with the Warden.

In view of the above §2965.09 R. C., wherein officials are required to furnish information to the Commission, we fail to see where this court would have any authority to require the Chief of Police to withdraw his detainer. Furthermore, this court would have no authority to hold the same null and void.

Since we feel that the relator's rights can be adequately protected when he may become eligible for parole and that he will have an adequate remedy if officials connected therewith abuse their discretion or the Warden refuses to certify his name to the Commission when he becomes eligible for parole, we feel compelled to deny his writ of mandamus upon either ground set forth in his petition.

Demurrer sustained. The writ will be denied.

BRYANT AND MILLER, JJ, concur.